**Farah DEEBA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–72075.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.\*\*

Decided Dec. 1, 2004.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM ***

Farah Deeba, and her children, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of deportation. Because transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Deeba's contention that the BIA's affirmance without opinion of the IJ's decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

■ The IJ did not abuse her discretion by denying the continuance because the case was pending for three and half years, the asylum hearing was continued four times to allow Deeba's husband to testify, and her husband had a history of illness and suffered memory loss. *See Rios–Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985).

■ Deeba's reliance on prior telephone threats, and an incident at her home as evidence of persecution is unavailing. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution); *but see Salazar–Paucar v. INS*, 281 F.3d 1069, 1074–75 (9th Cir.2002) (concluding that threats, harm to family, and murders of counterparts constituted persecution). Also, Deeba's two day police detention after the issuance of her husband's warrant did not amount to persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (concluding that petitioner, who was detained, hit, and kicked, did not suffer persecution).

■ Further, substantial evidence supports the IJ's determination that Deeba's reasoning behind the loss of her company and her husband's criminal investigation is too speculative to form a basis for persecution on an enumerated ground. *See*

*Ochave v. INS,* 254 F.3d 859, 866 (9th Cir.2001) (stating that where the record does not establish a connection between an event and a protected ground, the IJ is not required to accept the petitioner's hypothesis as fact). Moreover, the loss of her company was not sponsored by the government, quasi-official group, or persons or groups the government is unwilling or unable to control. *See Avetovo–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000).

Because Deeba failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.